Gkeen, J.
delivered the opinion of the court.
This is an action of trover for the recovery, of the value of ten head of cattle. The plaintiff proved the sale and delivery of the cattle to himself, by Felix M. Bruce, on the 28th of January, 1839, and the payment of $45 75 therefor, by him to Bruce, which money Bruce immediately paid out in discharge of executions against himself. He also read a bill of sale for the same property, registered the first day of’February, 1839, executed by Bruce to him. He also proved the execution of the bill of sale by the sub-sci’ibing witnesses. He also proved that the defendants took out of his possession a part of said property. The defendants justified their seizure of the property by virtue of an attachment in favor of Jameson vs. Bruce, issued the 29th of January, 1839, and levied on the cattle in dispute the same day, by Johnson, the other defendant, who was a constable.
The court charged the jury, “that a parol sale of this kind of property was good, when accompanied by delivery and value paid; but when it was reduced to writing as by deed or bill of sale, it being of the character of this paper, it merged the verbal transfer and was of no validity until registration as against creditors of the vendor; so that the levy of attachment, if prior to registration, would hold a lien on the property.”
The jury found a verdict for the defendants, and the plaintiff appealed to this court. The court erred in the charge to the jury in saying that the written evidence of the contract was of no validity until it was registered, as against creditors of the vendor.— This is not a contract of sale which the law requires to be evidenced by writing. Averbal sale and delivery (as the court properly told the jury) will vest in the purchaser a good title. But if he choose to take a written transfer, surely his title, which vested by the delivery, is,not divested by the mere execution of a bill of sale by the vendor. The bill of sale only thereby becomes the best evidence of the contract, and in this case was very properly proved and read to the jury; but its registration not having been required by the law, could neither add to nor detract from its validity.
*301 If a party contract for personal property, and the possession re-' main in the vendor, so that no title passes except by the deed, such deed must be registered, or it is void as to creditors or purchasers without notice. -
- But where no deed is necessary to pass the title, and consequently no registration necessary, the existence of a deed is of no consequence, except as constituting the best evidence of the terms of ^the contract. The case is not therefore embraced in the act of 1831, ch. 90.
It is not like the case of a slave. There the sale is required to be by deed registered. But the court, by construction, have said that the title passes by delivery as between the parties, and that a deed registered, is only necessary as it regards the creditors of the vendor. But this doctrine has no application to the case before the court. Let the judgment' be reversed, and the cause remanded.